UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **OPERACIONES TECNICAS MARINAS S.A.S.** | **CIVIL ACTION** |
| **VERSUS** | **NO:   12-1979** |
| **DIVERSIFIED MARINE SERVICES, LLC, ET AL.** | **SECTION: "F" (4)** |

### ORDER

Before the Court is a **Motion for Reconsideration Based on Newly Discovered Evidence (R. Doc. 75)** filed by the Plaintiff, Operaciones Tecnicas Marinas S.A.S. ("OTM"), seeking reconsideration of its Motion for Leave to Amend (R. Doc. 53) to allege fraud. The Motion is opposed. *See* R. Doc. 86. The Motion was heard on the briefs on August 12, 2015.

### I.    Background[1]

This action arises out of a contract between OTM and the Defendant, Diversified Marine Services, LLC ("Diversified"). OTM contracted with Diversified to drydock two vessels, evaluate their condition, and determine the work necessary to make the vessels seaworthy. After Diversified allegedly completed the work on the contract, the vessels departed for Cartagena, Columbia but experienced severe mechanical and electrical problems that required them to be towed the last leg of the voyage.

OTM initiated this action on July 31, 2012 alleging claims for breach of contract; negligent misrepresentation; intentional misrepresentation; negligence, gross negligence, and recklessness; breach of warranty of workmanlike performance; and fraud. On December 19, 2012, the Court dismissed OTM's fraud claim for failure to allege fraudulent intent and granted OTM leave to amend its pleading as to its fraud claim. *See* R. Doc. 14. OTM filed its second amended complaint on January 10, 2013. On February 20, 2013, the Court, once again,

---

[1] For a complete and thorough summary of the background in this lawsuit, *see Operaciones Tecnicas Marinas S.A.S. v. Diversified Marine Servs., LLC*, 926 F. Supp. 2d 858, 864 (E.D. La. 2013); *see also* R. Doc. 29.

dismissed OTM's fraud claim on the grounds that it failed to plead factual allegations that invite an inference of fraudulent intent. *See* R. Doc. 29.

On April 10, 2015, OTM sought to re-allege its fraud claim for a third time and filed a Motion for Leave to Amend (R. Doc. 53). After considering the proposed amended complaint under Rule 15(a), the undersigned issued an Order (R. Doc. 62) denying as futile OTM's request to re-allege fraud. *See* R. Doc. 62. The Court reasoned that OTM's "new allegations pertaining to the work tickets [were] not enough to create an inference of fraudulent intent beyond what has already been alleged and dismissed by the Court."

OTM filed the subject Motion nine days after the Court rendered its decision, requesting that the Court reconsider its decision on its Motion for Leave to Amend on the grounds of newly discovered evidence in support of its fraud claim. *See* R. Doc. 75. Specifically, OTM argues that it discovered "other instances where Diversified's sister companies misrepresented the condition of vessels and engines marketed and sold to their customers, including a recently filed lawsuit containing similar allegations as OTM's." *Id.*

## II.   Standard of Review

"A timely filed motion to reconsider an interlocutory order is evaluated under the same standard as a motion to alter or amend a final judgment brought pursuant to Rule 59(e) of the Federal Rules of Civil Procedure." *David v. Signal Int'l, LLC*, No. CIV.A. 08-1220, 2014 WL 2581201, at *2 (E.D. La. Jan. 15, 2014); *Castrillo v. Am. Home Mortg. Servicing, Inc.*, No. 094369, 2010 WL 1424398, at *3–4 (E.D. La. Apr. 5, 2010) ("The general practice of this court has been to evaluate motions to reconsider interlocutory orders under the same standards that govern Rule 59(e) motions to alter or amend a final judgment.").

Courts in this District have used this standard when ruling on motions to reconsider non-dispositive pre-trial motions. *See Wallace v. Magnolia Family Servs*., L.L.C., No. CIV.A. 13-

4703, 2014 WL 7006063, at *2 (E.D. La. Dec. 10, 2014) (applying Rule 59(e) to a motion for reconsideration of the plaintiff's motion for subpoenas); *Freeport-McMoran Sulphur LLC v. Mike Mullen Energy Equipment Resource*, CIV.A.03-1496, 2004 WL 1488665 (E.D. La. June 30, 2004) (analyzing a motion to reconsider this Court's conclusion about whether certain documents are privileged under the Rule 59(e) standard); *c.f. Seneca Resources Corp. v. Superior Diving Co., Inc*., CIV.A.05-250, 2006 WL 2568053 (E.D. La. Sep. 5, 2006) (analyzing motion to reconsider the denial of summary judgment under Rule 60(b) because it was filed after ten days of the entry of an order).

A court's reconsideration of a prior order is an extraordinary remedy which should be used only sparingly and should not be used to relitigate old matters, raise new arguments, or present evidence that should have been raised in the earlier motion. A Court can entertain a motion for reconsideration if the moving party satisfies at least one of the following four criteria: (1) the motion is necessary to correct a manifest error of fact or law; (2) the movant presents newly discovered or previously unavailable evidence; (3) the motion is necessary in order to prevent manifest injustice; or (4) the motion is justified by an intervening change in the controlling law. *Gregg v. Weeks Marine, Inc*., CIV.A.99-1586, 2000 WL 802865, at * 2 (E.D. La. May 26, 2000).

### III. Analysis

OTM requests that this Court reconsider its Order (R. Doc. 53) denying OTM's request to re-allege fraud against Diversified. OTM argues that it has newly discovered evidence of OTM's sister companies, through common principal Robert Boudreaux, misrepresenting the condition of vessels. R. Doc. 75-1, p. 2. Due to this newly discovered evidence, OTM argues that the Court's reconsideration of its Motion for Leave to Amend is warranted. Attached to the subject Motion is (1) two documents displaying Boudreaux as the registered agents of Legacy Marine

Transportation, LLC ("Legacy") and Diversified from the Secretary of State; (2) a complaint filed by Nautimill against Legacy for fraudulent conduct; and (3) an affidavit of David Hasselman attesting to past misrepresentations made by Boudreaux. OTM contends that this evidence is admissible under Federal Rule of Evidence 404(b) as evidence of other acts to prove intent. *Id*. at 5.

However, noticeably missing from the subject Motion is a proposed amended complaint including the new allegations based on the newly discovered evidence. The Court denied OTM's Motion for Leave to Amend on the grounds that the proposed amended complaint could not survive a motion to dismiss because the fraud claim was not facially possible due to OTM's failure to adequately allege intent. Without a new proposed amended complaint containing new allegations of intent, the Court can only consider the futility of the proposed amended complaint appended to OTM's Motion for Leave to Amend. This would lead to the same result reached in the Court's prior Order denying OTM leave to allege fraud. Thus, OTM's Motion for Reconsideration is denied for its failure to attach a new proposed complaint with allegations of the newly discovered evidence.

**IV.   Conclusion**

**IT IS ORDERED** that the OTM's **Motion for Reconsideration Based on Newly Discovered Evidence (R. Doc. 75)** is **DENIED**.

New Orleans, Louisiana, this 17th day of August 2015.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**