UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **OPERACIONES TECNICAS MARINAS S.A.S.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 12-1979** |
| **DIVERSIFIED MARINE SERVES, LLC, ET AL** | **SECTION: "F" (4)** |

### ORDER

Before the Court is Plaintiff's **Motion for Leave to Amend Jurisdictional Statement in Fourth Amended Complaint (R. Doc. 158)** seeking leave from the Court to amend its complaint's jurisdictional statement to remove the 9(h) designation. The motion is opposed. R. Doc. 159; R. Doc. 160. The motion was submitted on December 14, 2016. For the following reasons, the motion is **GRANTED.**

I.   **Background**

The instant motion to amend comes after the Court previously denied Operaciones Tecnicas Marinas, S.A.S.'s ("Plaintiff") Motion for Leave to File Fourth Amended Complaint to Plead Alternative Jurisdiction. R. Doc. 154. In its prior order, the Court laid out the procedural and factual history of this case (*Id.* at p. 1-3), and the Court will forgo providing another detailed account at this time. However, the Court will note the immediately important procedurally points leading to the instant motion.

The Plaintiff had filed its motion for leave to file a fourth amended complaint on October 21, 2016. R. Doc. 147. At that time, the motion was timely filed pursuant to the Court's scheduling order, which required that amendments to pleadings be filed no later than October 24, 2016. R. Doc. 141. On November 21, 2016, the undersigned denied the Plaintiff's motion, finding "[b]ecause OTM has listed diversity as merely an alternative basis of jurisdiction, OTM has not

1

done enough to remove the 9(h) designation to therefore be able to assert a demand for a jury. . .[a]s such, OTM's proposed amendment is technically futile." R. Doc. 154, p. 10.

Thereafter, on November 29, 2016, the Plaintiff filed the renewed motion to amend its jurisdictional statement seeking to correct the technically deficiency in its removal of the 9(h) designation. R. Doc. 157. After correcting a deficiency in its motion, the Plaintiff refiled its motion on December 2, 2016. R. Doc. 158. The Plaintiff argues that given the correction of the technical deficiency the motion should now be granted as satisfying the requirements of Federal Rule of Civil Procedure 15(a). R. Doc. 158.

Defendants St. Paul Fire & Marine Insurance Company (R. Doc. 159) and Diversified Marine Services, LLC (R. Doc. 160) have opposed the motion. In particular, the Defendants both argue that, because the Plaintiff's motion is now untimely under the Court's scheduling order, the Plaintiff's motion should be denied under Federal Rule of Civil Procedure 16(b).

## II.  Standard of Review

### A.  Amendments to Pleadings

Generally, Federal Rule of Civil Procedure 15(a) governs the amendment of pleadings before trial. Rule 15(a) allows a party to amend its pleadings "only with the other party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Moreover, the Rule urges that the Court "should freely give leave when justice so requires." *Id.* In taking this liberal approach, the Rule "reject[s] the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v. Gibson*, 355 U.S. 41, 48 (1957).

"Rule 15(a) requires a trial court 'to grant leave to amend freely,' and the language of this rule 'evinces a bias in favor of granting leave to amend.'" *Jones v. Robinson Prop. Grp.*, 427 F.3d

987, 994 (5th Cir. 2005) (internal quotations marks omitted) (quoting *Lyn–Lea Travel Corp. v. Am. Airlines*, 283 F.3d 282, 286 (5th Cir.2002)). When denying a motion to amend, the court must have a "substantial reason" considering such factors as "'undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party ...and futility of the amendment.'" *Marucci Sports, LLC v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (quoting *Jones*, 427 F.3d at 994). An amendment is deemed to be futile if it would be dismissed under a Rule 12(b)(6) motion. *Id.* (citing *Briggs v. Miss.*, 331 F.3d 499, 508 (5th Cir 2003)).

"[T]he Fifth Circuit [has] clarified that when, as here, a scheduling order has been issued by the district court, Rule 16(b) governs amendment of pleadings." *Royal Ins. Co. of America v. Schubert Marine Sales*, 02–0916, 2003 WL 21664701, at *2 (E.D. La. July 11, 2003) (Englehardt, J.) (citing *S & W Enterprises, L.L.C. v. Southtrust Bank of Ala.*, 315 F.3d 533, 535–36 (5th Cir.2003)). Rule 16(b) limits changes in the deadlines set by a scheduling order "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). To determine if good cause exists as to untimely motions to amend pleadings, the Court should consider: "(1) the movant's explanation for its failure to timely move for leave to amend; (2) the importance of the amendment; (3) the potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure that prejudice." *Schubert Marine Sales*, 2003 WL 21664701, at *2 (citing *S & W Enterprises*, 315 F.3d at 536). If the movant can show good cause, the Court will then apply the liberal standards of Rule 15(a). *S&W Enterprises*, 315 F.3d at 536.

**B.     Rule 9(H)**

"When a plaintiff's claim is cognizable under admiralty jurisdiction and some other basis of federal jurisdiction, the Federal Rules of Civil Procedure allow the plaintiff to expressly

3

designate her claim as being in admiralty." *Luera v. M/V Alberta*, 635 F.3d 181, 188 (5th Cir. 2011). *See also,* Fed. R. Civ. P. 9(h).[1] This designation carries with it "numerous and important consequences," particularly in regards to the right to try one's case before a jury. *T.N.T. Marine*, 702 F.2d at 586. As the Fifth Circuit explained in *Luera*:

> One of the most important consequences relates to the rules of procedure that will be applied to the case. If a claim is pleaded under diversity jurisdiction, the rules of civil procedure will apply, and the parties will be guaranteed, under the Seventh Amendment, a right to have the claim tried by a jury. If the claim is pleaded under admiralty jurisdiction, however, the plaintiff will invoke those historical procedures traditionally attached to actions in admiralty. . .[including] the historical procedures unique to admiralty is that a suit in admiralty does not carry with it the right to a jury trial. Thus, there is no right to a jury trial where the complaint contains a statement identifying the claim as an admiralty or maritime claim, even though diversity jurisdiction exists as well.

635 F.3d at 188 (internal quotations and citations omitted). Even "the mere assertion of admiralty jurisdiction as a dual or alternate basis of subject matter jurisdiction for a claim is sufficient to make a Rule 9(h) election." *Id.* at 188-89. As a result, the Fifth Circuit has found that the plaintiff made a 9(h) election where a complaint alleged both "diversity and admiralty jurisdiction as alternate bases for the court's jurisdiction without specifying whether the plaintiff asserted a separate jurisdictional basis for each claim." *Id.* at 189 (citing *T.N.T. Marine*, 702 F.2d at 587-88).

Nonetheless, in *Luera*, the Fifth Circuit clarified that the mere presence of admiralty claims does not amount to a 9(h) election. *Id.* at 190 ("[B]y its plain language, Rule 9(h) applies to "claims" and not to entire cases.") Therefore, where a plaintiff clearly expresses an intent to have certain claims premised on the district courts diversity jurisdiction rather than its admiralty jurisdiction no 9(h) election has been made. *Id.* Ultimately then, in a case containing both admiralty

---

[1] Federal Rule of Civil Procedure 9(h)(1) provides: "If a claim for relief is within the admiralty or maritime jurisdiction and also within the court's subject-matter jurisdiction on some other ground, the pleading may designate the claim as an admiralty or maritime claim for purposes of Rules 14(c), 38(e), and 82 and the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. A claim cognizable only in the admiralty or maritime jurisdiction is an admiralty or maritime claim for those purposes, whether or not so designated."

claims and non-admiralty claims where no 9(h) designation has been made, "'the non-jury component of admiralty jurisdiction must give way to the [S]eventh [A]mendment'" *Id.* at 196 (quoting *Ghotra*, 113 F.3d at 1057).

Moreover, the Court notes that "'9(h) is not a harsh rule'" *Conti v. Sanko S.S. Co., Ltd.*, 912 F.2d 816, 817-18 (5th Cir. 1990) (quoting *T.N.T. Marine*, 702 F.2d at 588). The Fifth Circuit has recognized that a plaintiff may amend his complaint to remove the 9(h) election. *See Luera*, 635 F.3d at 187 ("Provided that there is no prejudice to the court or to the defendants, a plaintiff should be permitted to amend her complaint to change her 9(h) election."); *see also*, *Conti*, 912 F.2d at 818.

**III. Analysis**

  **A. Rule 16(b)**

At this time, the Plaintiff has filed a motion for leave to file a fourth amended complaint. R. Doc. 158. In particular, the Plaintiff seeks for a second time to attempt to amend its jurisdictional statement to rely solely on diversity jurisdiction and thereby remove its admiralty Rule 9(h) designation. R. Doc. 158-1, p. 5; R. Doc. 158-2, p. 2. Because the instant motion as initially filed on November 29, 2016,[2] the Plaintiff's motion is untimely under the Court's scheduling order. R. Doc. 141 (setting a pleading amendment deadline of October 24, 2016). Therefore, the Plaintiff's motion must first be evaluated under the Rule 16(b) good cause standard. *S & W Enterprises*, 315 F.3d at 536.

First, concerning the explanation for failure to timely move for leave to amend, the Defendants argue that not only has the Plaintiff failed to articulate any explanation for its failure

---

[2] The Court notes that the initial filing of the instant motion was marked deficient by the Clerk because the Plaintiff failed to provide a statement under LR 7.6 informing the Court as to whether the motion was opposed. R. Doc. 157. The Plaintiff corrected the motion within the seven days allotted to by the Clerk's office and refiled the motion with the 7.6 certificate on December 2, 2016. R. Doc. 158.

5

to timely file under Rule 16 but also cannot explain its error by merely citing to the technically deficient nature of its previous attempt. R. Doc. 160, p. 4-5. And, indeed, the Plaintiff does not specifically address Rule 16 in its motion. However, the Court is not as deaf as to not hear the Plaintiff's rationale. The Plaintiff explained that, after its initially filed timely motion was denied by the Court, it immediately sought to resubmit a corrected motion for the next available submission date. R. Doc. 158-1, p. 2.

While the Court is not unsympathetic to the Defendants' arguments that the Plaintiff has waited four years into this litigation to remove the 9(h) designation and attempt to assert a jury demand, the Court cannot find that the Plaintiff has not demonstrated the necessary level of "diligence" in attempting to amend its complaint since the Fifth Circuit remanded the case back to the District Court. *See Puig v. Citibank, N.A.*, 514 F. App'x 483, 487-88 (5th Cir. 2013) (looking to diligence of party attempting to meet the deadline). The Plaintiff's motion is only untimely because the Court denied the Plaintiff's motion for being technically futile. And, the Plaintiff acted diligently following that denial to submit the motion to the Court on the next available submission date under the Local Rules. While the motion is untimely, it is not the result of a lack of diligence on the part of the Plaintiff.

Second, concerning the importance of the amendment, the Defendants argue that any supposed importance of the amendment is belied by the fact that the Plaintiff is only now attempting to revoke the 9(h) designation and assert diversity jurisdiction after fours years and many opportunities to do so. R. Doc. 160, p. 5. The Defendants further argue that cases pled in admiralty are often tried without jury, which again undercuts the importance of the Plaintiff's motion. *Id.* However, the Court disagrees.

A 9(h) designation carries "numerous and important consequences," perhaps most importantly in regards to the right to try one's case before a jury. *See T.N.T. Marine Service, Inc. v. Weave Shipyards & Dry Docks, Inc.*, 702 F.2d 585, 586 (5th Cir. 1983). Because a 9(h) designation forecloses the Plaintiff's right to a jury trial, the amendment is clearly important whereas here the Plaintiff wishes to assert that right. Certainly, given that this amendment effects a serious aspect of this case as opposed to merely adding superfluous additions or changes, the Court finds this factor to weigh in favor of good cause. *Cf. See Schubert Marine Sales,* 2003 WL 21664701, at *4 (finding amendment unimportant in part where prior pleadings allowed introduction of evidence sought to be included by new pleading).

Third, concerning the potential prejudice in allowing the amendment, the Defendants re-urge its prior arguments that allowing the amendments will prejudice the Defendants by requiring further and duplicative discovery to prepare for a jury trial rather than a bench trial. R. Doc. 160, p. 6. Nonetheless, as the Court noted in its prior order, the Court's Scheduling Order set trial for May 15, 2017 and has reopened discovery. R. Doc. 141. Moreover, the amendment does not fundamentally alter the nature of the case nor hinders the ability of the Defendants to prepare for trial.

Fourth, the Court notes that given the current trial date further continuances as necessary to allow for discovery would not unnecessarily delay the trial.

As a final note, the Defendant's both cite *Sylve v. Subsea 7 US LLC,* No. 1504148, 2016 WL 6833638 (E.D. La. Nov. 21, 2016) wherein the Magistrate Judge denied a motion for leave to amend the complaint to add a 9(h) designation. In *Sylve,* the Court found that the Plaintiff had failed to meet Rule 16(b)'s good cause standard because the Plaintiff "has offered no explanation for his delay or why, despite his diligence, he did not seek this amendment prior to the deadline

for doing so." *Id.* at *3. Moreover, in *Sylve*, the Plaintiff waited nearly nine months after the deadline to amend to attempt to add the 9(h) designation. Here, the instant case is distinguishable. As discussed above, the Plaintiff did attempt to amend prior to the deadline for doing so and has diligently attempted to do so again. As such, the Court does not find *Sylve* persuasive for the current motion under review.

Therefore, given the totality of the four factors, the Court finds that there is good cause to consider the Plaintiff's untimely motion to amend.

**B.     Rule 15(a)**

Given that the Plaintiff has met the good cause standard under Rule 16(b), the Court will now apply the more lenient standard of Rule 15(a) to the proposed amendment. *S&W Enterprises*, 315 F.3d at 536. As discussed in its prior order, the Court does not find that the amendment should be denied for undue delay, bad faith motive, or dilatory motive nor that the amendment would unduly prejudice the Defendants. R. Doc. 154, p. 6. As such, the Court's inquiry at this juncture will focus on the other factors, namely whether the Plaintiff has repeatedly failed to cure deficiencies by amendments previously allowed or if the proposed amendment is still futile. *Marucci Sports, LLC*, 751 F.3d at 378.

First, the Defendants argue that the motion should be denied because the instant motion is the third attempt to file an amended complaint to remove the 9(h) designation. R. Doc. 160, p. 7. The Defendant argues that the first attempt was denied as futile by this Court and the second attempt was deemed deficient. *Id.*

The Court disagrees that the instant motion is the Plaintiff's third attempt. While the Plaintiff's motion was initially marked deficient for a failure to indicate whether the motion was opposed under Local Rule 7.6, the Court does not construe that deficiency—which was ultimately

8

corrected within the deadline established by the Clerk—as a "repeated failure" to be considered in the Court's analysis. Rather, the Court views the motion for what it is: the Plaintiff's first attempt to correct the technically deficient amendment to revoke its 9(h) designation for this case. As such, the Court finds that there have not been repeated failures to correct this defieicny such that there would be substantial reason to deny the amendment. *Herrmann Holdings Ltd. v. Lucent Technologies Inc.,* 302 F.3d 552, 566 (5th Cir.2002) (explaining repeated failure to correct deficiency in claims); *see also, Price v. Pinnacle Brands, Inc.*, 138 F.3d 602, 607-08 (5th Cir. 1998) (finding no abuse in district court's decision to deny motion to amend where plaintiff had three opportunities to sufficiently articulate damages theory and failed to do so).

Second, in its prior ruling, the Court found that the proposed language of the new amendment was futile in its attempt to revoke the 9(h) designation because the Plaintiff "listed diversity as merely an alternative basis of jurisdiction, OTM has not done enough to remove the 9(h) designation to therefore be able to assert a demand for a jury." R. Doc. 151, p. 10. However, in the revised proposed amendment, the Plaintiff makes it abundantly clear that it is not relying on the Court's admiralty jurisdiction and solely on diversity jurisdiction. The Plaintiff's revised complaint reads:

> OTM is a corporation duly organized and existing under the laws of Colombia. Defendant Diversified is a company organized under the laws of the State of Louisiana with its principal place of business in Louisiana. Defendant St. Paul is a foreign insurance company, organized and existing under the laws of a state other than the State of Louisiana.
>
> Accordingly, pursuant to 28 U.S.C. Section 1332(a)(2), the amount in controversy exceeds $75,000, and all claims at all times material, are between citizens or subjects of a foreign state and citizens of a state such that diversity jurisdiction exists. Plaintiff OTM, pursuant to this Court's Order (R. Doc. 154) revokes its admiralty Rule 9(h) designation, and all jurisdictional references to admiralty in their entirety from the Original and Amended Complaints and has never waived its right to a jury trial.

9

R. Doc. 158-2, p. 2. As such, the Plaintiff's proposed amendment does revoke the 9(h) designation. *See Luera v. M/V Alberta*, 635 F.3d 181, 189 (5th Cir. 2011). The Plaintiff's amendment is not futile.

Ultimately, then the Court finds that under Rule 15(a)'s liberal standard there is no substantial reason to deny the Plaintiff's motion to amend.

### IV.    Conclusion

Accordingly,

**IT IS ORDERED** that the Plaintiff's **Motion for Leave to Amend Jurisdictional Statement in Fourth Amended Complaint (R. Doc. 158)** is **GRANTED.**

New Orleans, Louisiana, this 14th day of December 2016.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**